# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK McARTHUR, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12CV87 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on movant's "Rule 60(b) Motion."  Upon opening this case, the Clerk docketed it as a motion to vacate under 28 U.S.C. § 2255, because movant seeks relief from his federal criminal conviction, United States v. McArthur, 4:07CR651 DJS (E.D. Mo.).

Movant previously filed a § 2255 motion attacking his conviction.  McArthur v. United States, 4:12CV1298 SNLJ (E.D. Mo.)  The case was considered on the merits and dismissed.  The Court did not issue a certificate of appealability.  The Eighth Circuit Court of Appeals refused to issue a certificate of appealability as well.

Under 28 U.S.C. § 2244, movant must first obtain permission from the Eighth Circuit Court of Appeals before he may file a second attack on the validity of his conviction or sentence.  Prisoners are not permitted to circumvent the AEDPA's requirements through creative titling of their pleadings.  Moreover, Rule 60(b) only

applies to civil cases; it may not be used to challenge a criminal conviction.  As a result, I will dismiss this action pursuant to 28 U.S.C. § 2255 Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

Dated this 3rd day of July, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE